# EXHIBIT 7



June 17, 2025

**VIA EMAIL**

U.S. DOGE Service
736 Jackson Pl. NW
Washington, DC 20503
admin@DOGE.eop.gov

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of your agency, American Oversight makes the following request for records.

According to reporting by *WIRED*, Steven "Steve" Davis appears to have been the individual directing most DOGE activities at different U.S. government agencies and was in direct contact with DOGE team leads across agencies at various points in time, generally via the encrypted messaging app Signal.[1] American Oversight seeks records with the potential to shed light on Davis's official activities, including whether and to what extent he communicated via Signal.

**Requested Records**

American Oversight requests that your agency produce the following records within twenty business days:

1. All email communications (including emails, complete email chains, calendar invitations, and attachments thereto) sent or received by Steven Davis, or anyone communicating on his behalf, such as an assistant or scheduler, that contain any of the following terms:

    Key Terms:
    a.  Signal
    b.  "group chat"
    c. "E-meeting"
    d. "E meeting"

---

[1] *See* Vittoria Elliott, *WIRED Talked to a Fired DOGE Staffer About Who Was Really in Charge*, Wired (May 29, 2025 8:07 PM), https://www.wired.com/story/fired-doge-staffer-who-is-in-charge/?_sp=b6c544ae-edec-4741-ada9-74efb43a19dd.1749155101786.

 1030 15th Street NW, Suite B255, Washington, DC 20005   |   AmericanOversight.org

2. All messages sent or received by Steven Davis related to official government business (including complete message threads or conversations) on the messaging app Signal, including any app that can interface with Signal or otherwise borrow its technology (including but not limited to TeleMessage).

**Please provide all responsive records from January 20, 2025, through the date of the search.**

### Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[2] The public has a significant interest in Steven Davis's role in instructing the activities of agency employees and his use of Signal for official government business.[3] Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including to what extent Mr. Davis plays a key role in agency operations and uses Signal to that end. American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request "is not primarily in the commercial interest of the requester."[4] In fact, as a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose, and the release of the information requested is not in American Oversight's commercial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and X (formerly Twitter).[5]

---

[2] 5 U.S.C. § 552(a)(4)(A)(iii).
[3] *See* Elliot, *supra* note 1.
[4] 5 U.S.C. § 552(a)(4)(A)(iii).
[5] American Oversight currently has approximately 16,000 followers on Facebook and 94,600 followers on X (formerly Twitter). American Oversight, Facebook, https://www.facebook.com/weareoversight/ (last visited Jun. 12, 2025); American Oversight (@weareoversight), X (formerly Twitter), https://x.com/weareoversight (last visited Jun. 12, 2025).

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[6] Examples reflecting this commitment include the posting of records related to the first Trump Administration's contacts with Ukraine and analyses of those contacts;[7] posting records and editorial content about the federal government's response to the COVID-19 pandemic;[8] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the first Trump administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[9] the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[10] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[11]

Accordingly, American Oversight qualifies for a fee waiver.

---

[6] *See generally Our Latest*, American Oversight, https://www.americanoversight.org/blog.

[7] *The Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

[8] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g., CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

[9] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g., Audit the Wall: No Plans, No Funding, No Timeline, No Wall*, American Oversight, https://americanoversight.org/audit-the-wall-no-plans-funding-or-timeline-and-no-wall/.

[10] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.documentcloud.org/documents/25544090-doj-records-relating-to-solicitor-general-noel-franciscos-recusal-american-oversight; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[11] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-taxpayer-expense; *see, e.g., New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

**<u>Guidance Regarding the Search & Processing of Requested Records</u>**

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[12] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[13]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,[14] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under

---

[12] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).
[13] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).
[14] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

## Conclusion

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Elizabeth Haddix at foia@americanoversight.org or 252.359.7424 ext. 1031. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

*/s/ Elizabeth Haddix*
Elizabeth Haddix
on behalf of
American Oversight