UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF GOVERNMENT EFFICIENCY, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-1251 (RC) |

**MOTION TO STAY PROCEEDINGS AND
MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS

Background ........................................................................................................................... 2

    I.      The Legal Question of Whether USDS Is an "Agency" Under FOIA Is Now Pending Before Multiple District Courts. ............................................................. 2

    II.     Relevant Past and Future Proceedings in the D.C. Circuit and United States Supreme Court in the *CREW* case. ....................................................................... 2

    III.   Relevance to this Case ........................................................................................ 6

Legal Standards .................................................................................................................... 6

Argument .............................................................................................................................. 7

    I.      Courts in This Circuit Routinely Stay Proceedings to Await Appellate Guidance. 7

    II.     A Stay of Proceedings Will Promote Judicial Economy and Conserve the Parties' Resources in This Case. .......................................................................................... 9

Conclusion .......................................................................................................................... 11

The United States DOGE Service ("USDS"), United States DOGE Service Temporary Organization, Elon Musk, Steven Davis, Amy Gleason, Marco A. Rubio, and National Archives and Records Administration (collectively, the "Defendants"), by and through undersigned counsel, respectfully move to stay further proceedings until a final decision is rendered on whether USDS is an agency subject to the Freedom of Information Act ("FOIA") in *Citizens for Responsibility and Ethics in Washington ("CREW") v. U.S. DOGE Service*, Civ. A. No. 25-0511 (CRC) (D.D.C.), *on Pet. for Writ of Mandamus*, No. 25-5130 (D.C. Cir.) (hereinafter, "the *CREW* case"). Although the D.C. Circuit issued a ruling in the *CREW* case on July 14, 2025, regarding the proper scope of discovery in that case, its decision is not yet final, and the Supreme Court ordered the *CREW* case to remain stayed until any timely petition for certiorari is decided. *U.S. DOGE Serv. v. Citizens for Resp. & Ethics in Wash.*, 145 S. Ct. 1981, 1982 (2025) (Mem.). Meanwhile, three other FOIA cases against USDS have also been stayed due to pending proceedings in *CREW*, and a stay is warranted here for the same reasons. Defendants' responsive pleading in this case is currently due August 5, 2025, and Defendants intend to move to dismiss, among other things, on the basis that USDS is not an agency within the meaning of FOIA. Thus, a temporary stay of proceedings to await appellate guidance—and to await a final decision on the agency issue in the *CREW* case if a final decision on the mandamus petition does not itself resolve the agency issue—would promote efficiency and conserve judicial and party resources. If this motion is denied, Defendants respectfully request, in the alternative, that the Court allow an additional fourteen days from its ruling on this motion for Defendants to move to dismiss.

Pursuant to Local Civil Rule 7(m), the parties have met and conferred through counsel. Plaintiff opposes a stay but does not oppose an additional fourteen days to respond to the Amended Complaint if the stay motion is denied.

**BACKGROUND**

**I.    The Legal Question of Whether USDS Is an "Agency" Under FOIA Is Now Pending Before Multiple District Courts.**

To date, plaintiffs in at least seven cases have brought claims pursuant to FOIA's cause of action, 5 U.S.C. § 552(a)(4)(B), on the theory that USDS is an "agency" subject to FOIA. Six of them are pending in the U.S. District Court for the District of Columbia. Chronologically, they are: (1) *Ctr. for Bio. Diversity v. OMB*, Civ. A. No. 25-0165 (BAH) (D.D.C. filed Jan. 20, 2025); (2) *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, Civ. A. No. 25-0409 (BAH) (D.D.C. filed Feb. 11, 2025); (3) *CREW v. U.S. DOGE Serv.*, Civ. A. No. 25-0511 (CRC) (D.D.C. filed Feb. 20, 2025); (4) *MSW Media, Inc. v. USDS*, Civ. A. No. 25-1933 (JEB) (D.D.C. filed Mar. 28, 2025); (5) *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, Civ. A. No. 25-1251 (RC) (D.D.C. filed Apr. 23, 2025); and (6) *Project on Gov't Oversight, Inc. ("POGO") v. U.S. DOGE Serv.*, Civ. A. No. 25-1295 (BAH) (D.D.C. filed Apr. 28, 2025).[1] In addition to the present suit, another case pending in this District raises the same issue in the context of the Federal Records Act ("FRA"). *See POGO v. Trump*, Civ. A. No. 25-0527 (JEB) (D.D.C. filed Feb. 21, 2025) ("*POGO* FRA case").

**II.   Relevant Past and Future Proceedings in the D.C. Circuit and United States Supreme Court in the *CREW* case.**

As referenced above, prior and future proceedings in the *CREW* case—where the scope of any discovery and how courts should analyze the issue of USDS's agency status will be fleshed out further over the next weeks or months—warrant a stay. A brief overview of the proceedings in that case helps illustrate why.

As relevant here, the *CREW* case began when CREW sent an expedited FOIA request to USDS, which USDS denied on the grounds that it is not an agency subject to FOIA. *See* 769 F.

---

[1] There is a seventh case in the Southern District of New York: *The Intercept Media, Inc. v. USDS*, Civ. A. No. 25-2404 (S.D.N.Y. filed Mar. 24, 2025).

Supp. 3d 8, 16 (D.D.C. Mar. 10, 2025). CREW sought a preliminary injunction directing USDS to process the FOIA request by March 10, 2025. *Id.* at 17. The District Court denied CREW's request for a March 10, 2025, production deadline, but nonetheless ordered "expedited processing" of the FOIA request. *Id.* at 18. In doing so, the Court held that "CREW has established a likelihood of success on the merits of its argument that USDS is subject to FOIA." *Id.* at 18, 23–26. Because its agency status under FOIA had not been fully briefed or argued, USDS filed a motion for summary judgment on this issue. Civ. A. No. 25-0511, ECF No. 24 (D.D.C. filed Mar. 19, 2025).

CREW, in turn, sought extensive, expedited discovery concerning USDS, including depositions, interrogatories, requests for admission, and requests for production. Civ. A. No. 25-0511, ECF No. 27 (D.D.C. filed Mar. 27, 2025). USDS objected that discovery was unwarranted because "[USDS's] charter documents demonstrate that it does not have" legal authority sufficient to make it an agency under FOIA. *Id.*, ECF No. 34 (D.D.C. filed Apr. 8, 2025). Defending its requests, CREW contended that USDS has "influence" over the entire Executive Branch and that discovery was necessary "to ascertain how DOGE is actually influencing agency action." *Id.*, ECF No. 35 at 3, 6 (Apr. 10, 2025). The District Court granted CREW's motion in substantial part. 349 F.R.D. 1 (D.D.C. Apr. 15, 2025). Of note, the District Court accepted CREW's central contention that FOIA status depends on the extent of an entity's "influence" within the Executive Branch. *E.g.*, *id.* at 8 ("If Agency DOGE teams are complying with orders from USDS leadership, that speaks to USDS's influence over other federal agencies."); *id.* at 9 (calling key question "whether USDS employees are using that access [to federal agencies] to influence those agencies").

After the D.C. Circuit denied USDS's petition for writ of mandamus, USDS sought relief from the Supreme Court, which granted the Government's application on June 6, 2025. *U.S. DOGE Serv.* 145 S. Ct. at 1981–82. The Supreme Court held that "[t]he portions of the District

3

Court's April 15 discovery order that require the Government to disclose the content of intra-Executive Branch USDS recommendations and whether those recommendations were followed is not appropriately tailored." *Id.* at 1982. Because an Executive Branch entity's status under FOIA turns on its *formal* legal authority, it held that "[a]ny inquiry into whether an entity is an agency for the purposes of [FOIA] cannot turn on the entity's ability to persuade." *Id.* "Furthermore," it held, "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications." *Id.* The Supreme Court remanded to the D.C. Circuit, directing the Court of Appeals to "take appropriate action to narrow the April 15 discovery order consistent with this order." *Id.* The District Court's April 15 order granting CREW's motion for discovery is stayed "pending remanded consideration at the Court of Appeals, and disposition of the petition for a writ of certiorari, if such writ is timely sought." *Id.*

After the Supreme Court's remand, CREW filed a motion for summary disposition in the D.C. Circuit, proposing to abandon seven of its discovery requests but otherwise asking the D.C. Circuit to allow the remaining discovery to go forward. *See In re U.S. DOGE Serv.*, No. 25-5130, Dkt. 2121424 (D.C. Cir. filed June 18, 2025). The Government opposed CREW's motion, arguing that "to the extent any discovery is appropriate at all, it must be exceedingly limited"; that is, "[s]ince the relevant legal question turns entirely on formal legal authority, discovery and depositions are simply not necessary to determine whether USDS wields substantial authority independent of USCA." *Id.*, Dkt. 2122282, at 3, 9–10 (D.C. Cir. filed June 25, 2025). On July 14, 2025, the D.C. Circuit issued an order granting in part and denying in part the government's mandamus petition. *Id.*, Order, Dkt. 2125341 (D.C. Cir. July 14, 2025). In particular, the D.C. Circuit directed the District Court to exclude certain interrogatories and requests for admission but deemed the remaining discovery permissible. *Id.* Pursuant to the Supreme Court's prior order,

4

District Court proceedings in the *CREW* FOIA case will remain stayed pending any petition for a writ of certiorari, which will be due within 90 days of the D.C. Circuit's Order, namely, on or before October 13, 2025.[2]

Thus, the scope of discovery (if any) concerning whether USDS is an agency subject to FOIA remains pending in the CREW case, and the D.C. Circuit final determination on that issue will bind this Court. In light of these pending proceedings in the *CREW* case, as of this filing, three of the other five FOIA cases in this District listed above have been stayed. On July 10, 2025, the Court in *Center for Biological Diversity* granted a stay as to USDS defendants "until a final decision is rendered" in the *CREW* case, regarding whether USDS is an agency subject to FOIA. *See* July 10, 2025, Order, ECF No. 26, *Ctr. for Bio. Diversity*, Civ. A. No. 25-0165 (BAH). On July 14, 2025, the Court in *MSW Media* granted a stay "until a final decision is rendered" in the *CREW* case "on the Government's challenge to the plaintiff's attempts to obtain discovery." *See* July 14, 2025, Order, ECF No. 41, *MSW Media*, Civ. A. No. 25-1933 (JEB). On July 18, 2025, the Court in *Project on Government Oversight* granted a stay "until a final decision is rendered on whether defendant is an agency subject to FOIA" in the *CREW* case. *See* July 18, 2025, Minute Order, *Project on Gov't Oversight*, Civ. A. No. 25-1295 (BAH) (D.D.C.). Likewise, the other case in this district regarding whether USDS is subject to the FRA, *POGO v. Trump*, likewise is stayed pending a final decision in *CREW*. *See* July 21, 2025, Minute Order, Civ. A. No. 25-0527 (JEB) (D.D.C. filed Feb. 21, 2025).

---

[2] On July 15, 2025, the District Court in *CREW* issued a minute order modifying prior discovery orders in accord with the D.C. Circuit's July 14, 2025 Order and purporting to set deadlines for the government's responses. *See CREW*, Minute Order of July 15, 2025. On July 16, 2025, the parties in *CREW* filed a joint motion to modify the July 15 minute order in conformity with the Supreme Court's stay order. *See id.*, Jt. Mot to Modify, ECF No. 48 (proposing to modify the District Court's order to state that its discovery schedule "shall remain stayed pending disposition of any petition for a writ of certiorari, if such writ is timely sought").

5

### III. Relevance to this Case

Plaintiff initiated this suit to challenge Defendants' "failures to meet their obligations under the FRA and FOIA." Compl., ECF No. 1 ¶ 5. Plaintiff's complaint is predicated on the assertion that USDS is an "agency" within the meaning of (and subject to) the FRA and FOIA. *Id.* ¶ 1. On July 1, 2025, Defendants moved to dismiss. ECF No. 12. On July 22, 2025, Plaintiff filed an Amended Complaint, which is likewise predicated on Defendants' alleged "failures to meet their obligations under the FRA and FOIA." Am. Compl., ECF No. 14 ¶ 5. Defendants intend to again move to dismiss on grounds, among other things, that USDS is not an "agency" within the meaning of FOIA and the FRA. Though Defendants have not filed their motion to dismiss yet, Plaintiffs in the other USDS cases have moved for discovery on the issue of whether USDS is an "agency" in response to similar dispositive motions filed by USDS in those cases. *See, e.g.*, *CREW*, Civ. A. No. 25-0511, ECF 27 (Mar. 27, 2025). Indeed, Plaintiff in this matter filed for discovery after USDS filed an Amended Answer in another case. *See Am. Oversight*, Civ. A. No. 25-0409 (BAH), ECF No. 21. That motion is ripe as of July 23, 2025, and remains pending. However, the outcome of the *CREW* case will be relevant and controlling regardless of whether Plaintiff decides to initiate discovery in this matter.

## LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (holding that *Landis* governs when a stay is issued "pursuant to the district court's inherent authority in the interest of judicial economy"). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. A court's

judgment to stay "may be appropriately exercised where a separate proceeding bearing upon the case is pending." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* Rather, a stay may be warranted where the resolution of other litigation will likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved." *Landis*, 299 U.S. at 253; *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").

## ARGUMENT

### I. Courts in This Circuit Routinely Stay Proceedings to Await Appellate Guidance.

Consistent with their discretionary power, judges in this District have routinely stayed proceedings to promote judicial economy and efficiency where the D.C. Circuit's ruling in the same or a related matter will bear on further proceedings before the District Court. *See, e.g.*, *Ready to Win v. FEC*, Civ. A. No. 22-3282 (RDM), 2023 WL 10512144, at *2 (D.D.C. July 28, 2023) (staying proceedings pending appeal of a related case, reasoning that discovery "may prove unnecessary or may be narrowed in light of the D.C. Circuit's decision"); *Blumenthal v. Trump*, Civ. A. No. 17-1154 (EGS), 2019 WL 3948478, at *3 (D.D.C. Aug. 21, 2019) ("The Court will also stay proceedings in this case pending the interlocutory appeal."); *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017) ("[T]he Court concludes that it is appropriate to stay the proceedings while Defendants' interlocutory appeal is pending" and "shall not require Defendants to respond to the complaint and the parties to proceed with discovery at this time."); *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, Civ. A. No. 14-1220 (RC) 2017 WL 535246, at

7

\*12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (finding "good cause to stay this matter" given that "the parties agree that the resolution of [a related case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here").

Courts in other jurisdictions have stayed proceedings in similar circumstances. *See, e.g.*, *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Fowler-Bey v. Johnson*, Civ. A. No. 18-1235, 2018 WL 11476084, at \*1–2 (D. Md. Nov. 30, 2018) (staying case where a "central issue" affecting plaintiff's claim was pending before the Fourth Circuit); *Dawoudi v. Nationstar Mortg., LLC*, Civ. A. No. 19-3783, 2016 WL 8711604, at \*2 (N.D. Ill. Sept. 16, 2016) ("Because a decision in the pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court, the stay . . . is warranted in this case."); *Carroll v. Wilson McColl & Rasmussen, Att'ys at L.*, Civ. A. No. 08-0022, 2009 WL 315610, at \*2 (D. Idaho Feb. 9, 2009) (staying case to avoid "the expenditure of unnecessary costs, expenses, and time" where appellate court's resolution of an issue would impact plaintiff's claims); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings pending appeal of preliminary injunction to await appellate court's resolution of a legal issue that "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, Civ. A. No. 06-2528, 2007 WL 2688858, at \*1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction

8

because appellate court's "determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

## II. A Stay of Proceedings Will Promote Judicial Economy and Conserve the Parties' Resources in This Case.

"In deciding whether to grant a stay, courts generally 'weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties.'" *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*, 397 F. Supp. 3d 34, 39 (D.D.C. 2019) (quoting *Belize Soc.*, 668 F.3d at 732–33). Here, a temporary stay of District Court proceedings until a final decision is rendered in *CREW* on the central issue of whether a USDS is an agency subject to the FOIA and the FRA (including all appeals of any such decision) would serve the interests of judicial economy and efficiency and conserve the parties' resources. At the very least, proceedings in this case should be stayed until the D.C. Circuit's decision on remand from the Supreme Court becomes final, or until the Supreme Court disposes of any timely petition for writ of certiorari. In either event, a stay pending further proceedings in *CREW* may narrow the issues before the Court in this case and the scope of any discovery.

In the *CREW* case, proceedings thus far have demonstrated that questions regarding the appropriate scope of discovery, if any, are intertwined with the underlying legal framework governing what makes an entity an agency under FOIA. For example, the Supreme Court has already held that a component's agency status cannot turn on its ability to persuade. *See USDS v. CREW*, 145 S. Ct. at 1982. The D.C. Circuit, in turn, applied that principle to the plaintiff's pending discovery requests in that case, but its decision is not yet final, and the *CREW* District Court case remains stayed. Further appellate guidance on these issues, as well as further proceedings in *CREW* on USDS's agency status, including appellate review, are highly likely to affect this Court's resolution of USDS's agency status in any further proceedings in this case.

9

By contrast, requiring Defendants to continue to defend this action in District Court without waiting for appellate resolution of the issues raised here would be a wasteful and inefficient exercise for both Defendants and the Court, particularly since there is a significant likelihood that any analysis the Court might provide in the interim would be superseded at least in part by D.C. Circuit and/or Supreme Court decisions. *See*, *e.g.*, *Whitman-Walker Clinic, Inc. v. Dep't of Health & Hum. Servs.*, Civ. A. No. 20-1630 (JEB), 2021 WL 4033072, at *3 (D.D.C. Sept. 3, 2021) ("In the interim, a substantial amount of the parties' and the Court's resources would have been expended and potentially for little gain."); *cf. Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (granting a stay based on "[n]ot needing more lawyers to spend more time on more briefs on more subjects").

A stay of proceedings will also not prejudice Plaintiff. Ultimately, Plaintiff seeks the release of records responsive to its FOIA request, but for the reasons explained, a stay is unlikely to delay a final decision regarding its request. To the contrary, the determination of USDS's agency status is a necessary prerequisite to any further proceedings regarding Plaintiff's FOIA request, and waiting for that issue to be decided in *CREW* will conserve Plaintiff's resources as well as the Court's. Nor can Plaintiff show any other prejudice. The Court in the *POGO* FRA case—where USDS's agency status likewise is the central issue—already denied Plaintiff's request for a preliminary injunction on the ground that, regardless of whether USDS qualifies as an agency subject to FOIA and the FRA, or an entity that is instead subject to the Presidential Records Act, Plaintiff faces no "threat of destruction" because "Defendants have given the Court ample reasons to believe that they are complying with the PRA, and Plaintiff has not refuted those representations." ECF No. 23, Mem. Op. at 7, 10 (D.D.C. June 17, 2025), *POGO v. Trump*, Civ. A. No. 25-0527 (JEB).

Thus, a temporary stay until USDS's agency status is resolved in the *CREW* case is warranted. At the very least, the Court should grant a stay until a final decision in *In re U.S. Doge Service* on the discovery issue.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court stay further proceedings against USDS.

Dated: August 5, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____*/s/ Kaitlin K. Eckrote*_____
KAITLIN K. ECKROTE
D.C. Bar #1670855
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2485

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>        Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF GOVERNMENT EFFICIENCY, et al.,<br><br>        Defendants. | Civil Action No. 25-1251 (RC) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to stay, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that the above-captioned matter is a stay until a final decision is rendered on whether a USDS is an agency in *Citizens for Responsibility & Ethics in Washington* ("*CREW*") *v. USDS*, 349 F.R.D. 1 (Apr. 15, 2025) (Cooper, J.), *on Petition for Writ of Mandamus*, No. 25-130 (D.C. Cir.), including all appeals of any such decision, and it is further

ORDERED that the Parties shall file a joint status report within fourteen days of the aforementioned final decision in *CREW* proposing a schedule for further proceedings in the above-captioned matter.

SO ORDERED:

_____    _____
Date                                                  United States District Judge